# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASVILLE DIVISION

| | |
|---|---|
| **Henry Santiago Salas,** ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| v. ) | |
| ) | |
| **Jai Mata, Inc. and** ) | **JURY DEMAND** |
| **Ashok Kumar.** ) | |
| ) | |
| Defendant, ) | |

## COMPLAINT

Plaintiff Henry Santiago Salas files this Complaint against Jai Mata, Inc. and Ashok Kumar for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid wages, liquidated damages, costs, expenses of litigation and attorneys' fees. Plaintiff alleges as follows:

### PARTY

1. Plaintiff is a resident of Tennessee in this judicial district and division.

2. Jai Mata, Inc. ("Jai Mata") is a corporation with its principal place of business at 116 21 St Ave N, Nashville, TN 37203.

3. At all times throughout the relevant period, Jai Mata operated and transacted business during the relevant period as the Sitar Indian Restaurant located at 116 21 St Ave N, Nashville, TN 37203.

4. Jai Mata's registered agent for service of process is Ashok Kumar.

5. At all times throughout the relevant period, Ashok Kumar has been the owner, manager, and/or officer of Sitar Indian Restaurant.

6. Ashok Kumar is resident of Tennessee in this judicial district and division.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8. Venue properly lies in this district pursuant to 28 U.S.C. § 1391. Jai Mata and Ashok Kumar transact business in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

## FACTS

9. The relevant period for damages is three years prior to the filing of this Complaint.

10. At all times throughout the relevant period, Defendants Jai Mata and Ashok Kumar owned and operated the Sitar Indian Restaurant.

11. At all times throughout the relevant period until March 12, 2017, Defendants employed Plaintiff at Sitar Indian Restaurant as server.

12. At all times throughout the relevant period, Plaintiff was a non-exempt, hourly worker for Sitar Indian Restaurant.

13. Plaintiff worked in excess of forty hours per work week.

14. At all times throughout the relevant period, Plaintiff was an "employee" of Jai Mata and Ashok Kumar and covered under the FLSA, 29 U.S.C. §§ 201 *et seq.*

15. At all times throughout the relevant period, Jai Mata and Ashok Kumar were the "employer" of the Plaintiff.

16. At all times throughout the relevant period, Jai Mata and Ashok Kumar were Plaintiff's employers engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

17. At all times throughout the relevant period, Jai Mata and Ashok Kumar had multiple employees, including the Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

18. At all times throughout the relevant period, Jai Mata and Ashok Kumar were an enterprise with annual gross volume of sales made or business done of not less than $500,000.

19. At all times throughout the relevant period, Ashok Kumar as an owner, manager, and/or officer of Sitar Indian Restaurant, had control and direction over workplace conditions, operations, personnel, and compensation at the Sitar Indian Restaurant where Plaintiff worked.

20. At all times throughout the relevant period, Ashok Kumar, as an owner, manager, and/or officer of Sitar Indian Restaurant, made the decisions to withhold overtime and other pay in violation of the FLSA.

21. Ashok Kumar acted on behalf of Sitar Indian Restaurant by paying Plaintiff in cash.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## (OVERTIME)

22. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

23. At all times throughout the relevant period, Jai Mata and Ashok Kumar had a uniform policy and practice of willfully refusing to pay Plaintiff overtime compensation for all hours worked in excess of forty hours per workweek.

24. Jai Mata and Ashok Kumar refused to pay Plaintiff at a rate that was at least one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

25. Jai Mata and Ashok Kumar's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

26. Due to Jai Mata and Ashok Kumar's FLSA overtime violations, Plaintiff was damaged and is entitled to recover from Defendants compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, and costs and expenses of this action, pursuant to 29 U.S.C. § 216(b).

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Jai Mata and Ashok Kumar:

A. An award of compensation for unpaid overtime to Plaintiff;

B. An award of liquidated damages for willful failure to pay overtime compensation;

C.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D.  Such other and further relief as this Court deems just and proper.

This 9th day of May, 2017,

**HALL & LAMPROS, LLP**

/s/ Andrew Lampros
Andrew Lampros
Tenn. BPR # 020167
1230 Peachtree St. N.E.
Suite 950
Atlanta, GA 30309
(404) 876-8100 telephone
(404) 876-3477 facsimile
alampros@hallandlampros.com

**NEAL & HARWELL, PLC**

/s/ Kendra E. Samson
Kendra E. Samson
Tenn. BPR #018976
1201 Demonbreun Street
Suite 1000
Nashville, TN 37203
(615) 244-1713 telephone
(615) 726-0573 facsimile
ksamson@nealharwell.com